UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEAN WILDRICK and CHERYL WILDRICK,

                      Plaintiffs,

v.                                                   Civil No.:

VILLAGE OF CUBA,

                      Defendant.

# COMPLAINT

Plaintiffs, Dean and Cheryl Wildrick ("the Wildricks"), for their Complaint against the Village of Cuba state as follows:

1. Plaintiffs bring this action for declaratory and equitable relief and for imposition of civil penalties against the Village of Cuba pursuant to the citizen suit provisions of the Federal Water Pollution Control Amendments of 1972, known as the Clean Water Act, Section 505, 33 U.S.C. § 1365, as amended (hereinafter "CWA") and the Resource Conservation Recovery Act (hereinafter "RCRA"), Section 7002, 42 U.S.C. § 6972, resulting from Defendant's violation of those statutes. Plaintiffs also bring related common law claims.

## PARTIES

2. Plaintiff Dean Wildrick is a citizen of the United States residing at 8354 Jackson Hill Road, Cuba, New York. He owns property adjacent to the Cuba Municipal Waste Disposal Site ("Cuba Landfill"), which is located on Jackson Hill Road, Cuba, New York,

located within this District.  As a result of the hazardous wastes and other pollutants migrating from the Cuba Landfill onto the Wildricks' property, Dean Wildrick has suffered harm in the use and enjoyment of his property.

3. Plaintiff Cheryl Wildrick is a citizen of the United States residing at 8354 Jackson Hill Road, Cuba, New York.  She owns property adjacent to the Cuba Landfill, which is located on Jackson Hill Road, Cuba, New York, located within this District.  As a result of the hazardous wastes and other pollutants migrating from the Cuba Landfill onto the Wildricks' property, Cheryl Wildrick has suffered harm in the use and enjoyment of her property.

4. Plaintiffs are "citizens" within the meaning of the citizen suit provision of the Clean Water Act, Section 505(a), 33 U.S.C. § 1365(a), and "persons" under RCRA Section 7002(a), 42 U.S.C. § 6972(a).

5. Defendant Village of Cuba is a municipal corporation operating under the laws of New York State with its principal office at 17 East Main Street, Cuba, New York 14727.

6. Defendant is a "person" within the meaning of the citizen suit provisions of the Clean Water Act, Section 505(a)(1), 33 U.S.C. § 1365(a)(1), and RCRA § 7002(a)(1)(A), 42 U.S.C. § 6972 (a)(1)(A).

## JURISDICTION

7. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to Section 505(a)(1) of the CWA, 33 U.S.C. § 1365 (a)(1), Section 7002(a)(1)(A) of RCRA, 42 U.S.C. § 6972 (a)(1)(A), Section 7002 (a)(1)(B) of RCRA, 42 U.S.C. § 6972 (a)(1)(B), 28 U.S.C. § 1331, 28 U.S.C. § 1355, and 28 U.S.C. § 1367.

8. The relief requested in this action is authorized pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), Section 7002(a)(1)(A) of RCRA, 42 U.S.C. § 6972 (a)(1)(A), Section 7002 (a)(1)(B) of RCRA, 42 U.S.C. § 6972 (a)(1)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 1355.

9. Plaintiffs assert the declaratory and injunctive claims set forth in this complaint pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202 respectively, and Rules 57 and 65 of the Federal Rules of Civil Procedure. This Court has jurisdiction over the declaratory and injunctive claims set forth in this Complaint pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202 respectively.

## VENUE

10. Venue is appropriate in the Western District of New York pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365 (c)(1), and Section 7002(a) of RCRA, 42 U.S.C. § 6972, because Defendant's violations occurred and are occurring in this judicial district and because, pursuant to 28 U.S.C. § 1391(b), the real property on which the discharge and emission sources are located is in this judicial district, the Defendant resides or does business within this judicial district, and all of the events, acts or omissions giving rise to this Complaint occurred and are occurring in this judicial district.

## NOTICE

11. On April 28, 2008, for all violations requiring advance notice, Plaintiffs gave notice of their intent to file suit to Defendant, to the Administrator of the United States EPA, to the United States Attorney General, to the Administrator of EPA Region II, to the Commissioner of the New York State Department of Environmental Conservation, as required

by Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Section 7002(b)(1)(A) of RCRA, 33 U.S.C. § 6972(b)(1)(A), and Section 7002(b)(2)(A) of RCRA, 33 U.S.C. § 6972(b)(2)(A).  A copy of this notice letter is attached as **Exhibit A.**

12. More than 60 days have passed since notice was served upon Defendant and all governmental parties named above, thus satisfying Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), and Section 7002(b)(1)(A) of RCRA, 33 U.S.C. § 6972(b)(1)(A).

13. More than 90 days have passed since notice was served upon Defendant and all governmental parties named above, thus satisfying Section 7002(b)(2)(A) of RCRA, 33 U.S.C. § 6972(b)(2)(A).

14. Upon information and belief, as of the date of the filing of this Complaint, all of the violations complained of in the notice are continuing or are reasonably likely to continue.

## NO PENDING ENFORCEMENT ACTIONS

15. Neither EPA nor the State of New York has commenced or is diligently prosecuting a civil or criminal action to redress the violations set forth in this Complaint. Neither the United States, the Administrator of EPA, nor the State of New York has commenced an administrative civil penalty action satisfying the requirements of Section 309(g)(6) of the CWA, 33 U.S.C. § 1319(g)(6), to redress the violations prior to the issuance of the notice letter.

## FACTS

16. The Cuba Landfill is located in the Town of Cuba, Allegany County, New York (hereinafter "Site").  The Site is composed of two contiguous parcels of property totaling

-4-

approximately 40 acres. The Village of Cuba owns both properties. The Site is bordered on the west and the north by Deep Snow Road. An unnamed intermittent tributary of the North Branch of Van Campen Creek defines the eastern border, and forested private property borders the south side.

17.     The Cuba Landfill is a former municipal landfill owned and operated by the Village of Cuba that accepted household, commercial, and industrial waste from the early 1950s until closing in 1981.

18.     The Site whereon the Cuba Landfill is situated was listed on the New York State Registry of Inactive Hazardous Waste Sites and assigned Classification Code 2 in 1994, Site Registry No. 9-02-012.

19.     Classification Code 2 is defined by the New York State Department of Environmental Conservation (hereinafter "NYSDEC") to include sites where the disposal of hazardous waste has been confirmed and the presence of such hazardous waste or its components or breakdown products represent a significant threat to the environment or to health.

20.     In December 1999, NYSDEC completed a remedial investigation (hereinafter "RI") and feasibility study (hereinafter "FS") to determine the nature and extent of the contamination as well as an analysis of the methods to address the contamination.

21.     The disposal of hazardous waste has been confirmed at the Cuba Landfill.

22.     In June 2000, NYSDEC issued a Record of Decision (hereinafter "ROD") for the Site, stating that: "Actual or threatened release of hazardous waste constituents from this

site, if not addressed by implementing the response action selected in this ROD, presents a current or potential significant threat to public health and the environment."

23. The actual or threatened release of hazardous waste constituents from the Cuba Landfill with respect to the Wildricks' property was not address by the ROD, nor by any other remedial activity undertaken by NYSDEC.

24. As confirmed by the RI/FS, the ROD, and the Limited Site Data report, dated January 2008, hazardous wastes emanated from the Site, onto the soils and in the groundwater of property owned by Plaintiffs.

25. Upon information and belief, such hazardous wastes include, but are not limited to, chlorinated solvents, cyanide plating bath solutions, paint sludges, PCB capacitors, chloroethane, dichloroethene, dichloroethane, trichloroethane, trichloroethene, aroclor 1242, aroclor 1254, and vinyl chloride.

26. The migration of hazardous wastes is continuous and the contamination of the Plaintiffs' property has not been addressed.

27. As noted in the RI/FS and the ROD, the historical practice at the landfill was to create trenches in the soil of approximately 15-20 feet wide, 4-10 feet deep, and several hundred feet in length.

28. Among other wastes, spent halogenated solvents used in degreasing operations, plating bath sludges, spent tripping and cleaning bath solutions, PCB capacitors, and paint sludge were disposed of in these trenches.

-6-

29. Surface water runoff and groundwater overburden have caused hazardous wastes and pollutants from the Cuba Landfill and its tranches to migrate off-Site and onto Plaintiffs' property.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DEFENDANT HAS VIOLATED AND IS VIOLATING THE CLEAN WATER ACT BY DISCHARGING POLLUTANTS FROM A POINT SOURCE OTHER THAN IN CONFORMITY WITH A PERMIT**

30. The CWA prohibits the discharge of pollutants from a point source to the waters of the United States, except pursuant to and in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit. 33 U.S.C. §§ 1311(a), 1342.

31. The United States Environmental Protection Agency (hereinafter "USEPA") has delegated to NYSDEC the authority to issue, enforce, and administer permits under Section 402 of the CWA.

32. NYSDEC issues permits pursuant to Section 402 of the CWA under its State Pollutant Discharge Elimination System (hereinafter "SPDES") permit program.

33. The CWA defines "pollutant" as including, but not limited to, "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical waste, biological materials, radioactive material, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

34. Among the pollutants that are components of Defendant's waste stream are spent halogenated solvents used in degreasing operations, plating bath sludges, spent stripping and cleaning bath solutions, PCB capacitors, and paint sludge.

35. Upon information and belief, Defendant's waste stream also includes chloroethane, dichloroethene, dichloroethane, trichloroethane, trichloroethene, aroclor 1242, aroclor 1254, and vinyl chloride.

36. Each of the substances listed in the proceeding two paragraphs are pollutants within the meaning of the CWA.

37. The CWA defines "point source" as "any discernable, confined, and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." 33 U.S.C. § 1362 (14).

38. The Cuba Landfill and the trenches therein are point sources, within the meaning of the CWA, from which stormwater run-off and groundwater overburden collect hazardous wastes from the materials disposed of in the landfill. The stormwater then transports these pollutants into an unnamed creek on the Wildricks' property.

39. Upon information and belief, this unnamed creek discharges into and is a tributary of the Genesee River.

40. Defendant's landfill is a point source within the meaning of the CWA because it is or may be a discrete source of pollutant discharges to waters of the Untied States.

41. Waters of the United States within the meaning of the CWA includes any navigable waters or waters of that are tributaries to navigable waters. 33 U.S.C. § 1362 (7); 40 C.F.R. 230.3(s).

42. The Genesee River and/or its tributaries are waters of the United States within the meaning of the CWA. The unnamed creek on the Wildricks' property and its tributaries are tributaries of the Genesee River and are navigable waters of the United States as defined by the CWA and its implementing regulations.

43. The discharge of pollutants by Defendant into the unnamed creek on the Wildricks' property or its tributaries is a regulated discharge of a pollutant from a point source into waters of the United States and is prohibited unless in compliance with a NPDES permit.

44. Defendant has discharged into the unnamed creek on the Wildricks' property or its tributaries pollutants including but not limited to: spent halogenated solvents used in degreasing operations, plating bath sludges, spent stripping and cleaning bath solutions, PCB capacitors, and paint sludge, chloroethane, dichloroethene, dichloroethane, trichloroethane, trichloroethene, aroclor 1242, aroclor 1254, and vinyl chloride.

45. Defendant has also discharged pollutants directly onto real property and waters upon and/or under real property owned by Plaintiffs.

46. Such discharges have occurred on a regular basis from the operation of the Cuba Landfill until the present time.

47. The CWA requires New York's point source dischargers, including Defendant, to secure SPDES permits from the New York Department of Environmental

Conservation which prohibit the discharge of pollutants and prescribe certain standards to achieve this objective.

48. A SPDES permit is required before commencement of the construction of any point source for the discharge of effluents and before the operation of any point source.

49. Upon information and belief, Defendant does not have and has never had a site-specific SPDES permit. Upon information and belief, to the extent that any General Permit may apply, Defendant's discharges are not in conformance with any such permit.

50. By having operated and continuing to operate a landfill that discharges pollutants into waters of the United States other than in conformance with a SPDES permit, Defendant has violated and is violating Sections 301 and 402 of the Clean Water Act, 33 U.S.C. §§ 1311, 1342.

51. Based on the discharges into the Genesee River and/or its tributaries documented by the State of New York, upon information and belief, Defendant continues to discharge pollutants into waters of the United States in violation of the CWA. Plaintiffs believe and allege that additional discharges will be discovered once documents and information not now available to Plaintiffs are obtained through discovery.

52. The CWA authorizes citizens to enforce an effluent limitation or other limitation under Section 301 or 302 including the prohibition in Section 301, 33 U.S.C. § 1311, against the operation of a point source other than in conformance with an NPDES permit pursuant to Section 402 of the Act, 33 U.S.C. §§ 1342, 1365(a)(1), 1365(f)(6).

53. Each day that Defendant has operated or operates other than in conformance with an NPDES permit is a separate and continuing violation of the CWA that subjects Defendant to a fine of up to $37,500 per day for each of its point source discharges. 33 U.S.C. § 1319(c).

**AS AND FOR A SECOND CAUSE OF ACTION**
**DEFENDANT HAS VIOLATED AND IS VIOLATING RCRA BY OPERATING AN OPEN DUMP**

54. Plaintiffs incorporate herein by this reference all of the allegations in paragraphs 1 through 53 as though set forth herein.

55. RCRA allows Plaintiffs to sue Defendant for "any solid waste management practice or disposal of solid waste or hazardous waste, which constitutes the open dumping of solid waste or hazardous waste." 42 U.S.C. § 6945(a).

56. RCRA defines "open dump" as "any facility or site where solid waste is disposed of which is not a sanitary landfill which meets the criteria promulgated under section 6944 of this title." 42 U.S.C. § 6903(14).

57. Defendant's landfill, including all contiguous land, structures, other appurtenances and improvements on the land is a "facility" within the meaning of RCRA's open dumping provision. 40 C.F.R. § 257.2.

58. Upon information and belief, Defendant's landfill is an open dump within the meaning of RCRA because it is a facility for the disposal of solid waste which fails to comply with the criteria of RCRA Section 4004 and 40 C.F.R. part 257 for a sanitary landfill. 42 U.S.C. § 6944; 40 C.F.R. § 257.2.

59. Defendant's landfill is not a sanitary landfill because it fails in several respects to meet the definition of sanitary landfill found at 40 C.F.R. § 257.2. Specifically, Defendant fails to dispose of solid waste on land that minimizes environmental hazards.

60. Defendant's landfill is an open dump because it causes a discharge of pollutants into waters of the United States, in violation of the NPDES requirements. 40 C.F.R. § 257-3.3.

61. Defendant's landfill is an open dump because it "contaminate[d] an underground drinking water source beyond the solid waste boundary . . . ." 40 C.F.R. § 257-3.3. Plaintiffs use groundwater for potable purposes and hazardous substances and other pollutants from the Cuba Landfill migrated off-Site and contaminated groundwater.

62. Plaintiffs' property has been contaminated due to the operational failures at the Defendant's landfill described in the Complaint. Upon information and belief, the hazardous substances continue and will continue to migrate from the Cuba Landfill onto the Plaintiffs' property.

**AS AND FOR A THIRD CAUSE OF ACTION**
**DEFENDANT HAS VIOLATED AND IS VIOLATING THE RESOURCE CONSERVATION AND RECOVERY ACT BY DISPOSING, HANDLING, AND STORING SOLID AND HAZARDOUS WASTE, WHICH PRESENTS AN IMMEDIATE AND SUBSTANTIAL ENDANGERMENT TO HEALTH AND THE ENVIRONMENT**

63. Plaintiffs incorporate herein by this reference all of the allegations in paragraphs 1 through 62 as though set forth herein.

64. Any person may commence a civil action against any person alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order of RCRA. 42 U.S.C. § 6972(a)(1)(A).

65. Plaintiffs and Defendant are "persons" for the purposes of a citizen suit under RCRA. 42 U.S.C. § 6903(15).

66. Defendant was and is an owner and operator of a solid and hazardous waste treatment, storage, and disposal facility.

67. RCRA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C § 6903(3).

68. Defendant is "disposing" of and/or "discharging" hazardous waste at and from its landfill within the meaning RCRA, 42 U.S.C. § 6903(3).

69. RCRA defines "solid waste" as "any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations . . . ." 42 U.S.C. § 6903(27).

70. The pollutants migrating from Defendant's landfill are solid wastes within the meaning of RCRA.

71. RCRA defines "hazardous waste" as "a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may – (A) cause, or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible, illness; or (B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed." 42 U.S.C. § 6903(5).

72. Upon information and belief, the pollutants coming from Defendant's landfill are infectious in character, massive in quantity, and have physical and chemical characteristics that cause illness and endanger human health and the environment.

73. The pollutants coming from Defendant's landfill are hazardous waste within the meaning of RCRA.

74. Any pollutants coming from Defendant's landfill are solid wastes and are hazardous wastes disposed within the meaning of RCRA.

75. RCRA provides a remedy against any person who "contributed to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment" and allows any person to commence a civil action against such a person. 42 U.S.C. § 6972(a)(1)(B).

76. Groundwater is a significant source of drinking water to people and animals near the Defendant's landfill.

77. Groundwater polluted by Defendant's landfill is dangerous to human health and the environment because it may enter streams and other surface waters and contaminate wells used for human and animal consumption.

78. Upon information and belief, Defendant is discharging hazardous wastes into to groundwater, surface water, soils, and air from its landfill.

79. Upon information and belief, the pollutants from Defendant's landfill have caused and continue to cause damage to aquatic ecosystems.

80. The pollutants migrating from Defendant's landfill constitutes disposal of solid and hazardous waste to the environment and causes an imminent and substantial endangerment to health or the environment in violation of RCRA.

81. Defendant is disposing, handling, and storing hazardous waste in a way that poses an imminent and substantial endangerment to human health and the environment.

82. The remedial activities at the Cuba Landfill have done nothing to address the Defendant's continued contamination of off-Site property (including the Plaintiffs' property) by its handing, disposal, and storage of solid and hazardous waste. This presents an imminent and substantial endangerment to human health and the environment.

83. Plaintiffs are entitled to injunctive relief ordering the Defendant to take action by attending to the proper cleanup and disposal of hazardous wastes on the Plaintiffs' property.

84. Plaintiffs are also entitled to an injunction restraining the Defendant from further violating RCRA.

85. For each day that Defendant improperly disposes of and/or stores hazardous waste in violation of RCRA, RCRA permits Plaintiffs to seek a fine of up to $37,500 per day for each violation. 42 U.S.C. § 6928(a).

### AS AND FOR A FOURTH CAUSE OF ACTION
### PLAINTIFFS ARE ENTITLED TO ATTORNEYS FEES AND COSTS

86. Plaintiffs incorporate herein by this reference all of the allegations in paragraphs 1 through 85 as though set forth herein.

87. Plaintiffs, pursuant to 33 U.S.C. § 1365(d) and 42 U.S.C. § 6972(e), are entitled to attorneys fees and expert witness fees incurred as a result of prosecuting this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
### TRESPASS

88. Plaintiffs incorporate by reference all of the allegations in paragraphs 1 through 87 of their Complaint as if set forth herein.

89. Plaintiffs are owners of the property located at 8354 Jackson Hill Road, Cuba, New York 14727.

90. Defendant owns and has control over the Cuba Landfill currently and at all times herein mentioned.

91. Defendant has caused and allowed toxic and hazardous substances and chemical waste products to migrate from the Cuba Landfill onto Plaintiff's property.

92. Defendant is aware that pollutants from its landfill have migrated and are migrating onto the Wildricks' property and have knowingly and intentionally allowed the condition to continue.

93. Defendant, by its intentional acts, has unlawfully encroached upon Plaintiffs' property, which encroachment constitutes a continuing trespass upon Plaintiffs' property in deliberate and unlawful violation of Plaintiffs' rights.

94. Defendant's acts have interfered with Plaintiffs' right to exclusive possession of their property and continues to threaten to do so in the future.

95. Defendant has caused significant damage to the value of Plaintiffs' property. The soil and groundwater on the Wildricks' property have been contaminated and the hazardous substances have caused significant damage to timber that had been growing on the property.

96. Plaintiffs are entitled to damages caused by Defendant's intentional and continuing trespass.

### AS AND FOR A SIXTH CAUSE OF ACTION
### PRIVATE NUISANCE

97. Plaintiffs incorporate by reference all of the allegations in paragraphs 1 through 96 of their Complaint as if set forth herein.

98. Defendant, by allowing and causing hazardous substances and other pollutants to migrate off-Site and onto Plaintiffs' property and the other acts alleged herein, has

created a private nuisance and has caused an unreasonable and substantial interference with Plaintiffs' use, enjoyment, and value of their property.

99. Defendant's interference with the Plaintiffs' property was and is intentional and continues to the date of filing this Complaint. Plaintiffs have no adequate remedy at law.

100. Defendant, by reason of this private nuisance, is liable for all of the damages to Plaintiffs proximately caused by the migration of hazardous substances and other pollutants from the Cuba Landfill to their property.

## JURY DEMAND

101. Plaintiffs hereby demand trial by jury on all issues so triable herein.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs demand the following relief:

102. That the Court declare that Defendant has operated and is operating its landfill in violation of the CWA by discharging pollutants otherwise than in conformance with a valid permit;

103. That the Court declare that Defendant has operated and is operating its landfill in violation of RCRA by handling waste in a manner that constitutes an imminent and substantial endangerment to public health and the environment;

104. A preliminary and permanent injunction:

    a. Ordering Defendant to operate its landfill in accordance with the CWA and RCRA and the regulations promulgated thereunder;

    b. Ordering Defendant to pay the cost of cleanup and remediation for the damage it has caused to the environment in violating the CWA;

105. That the Court order Defendant to pay a civil penalty in the amount of $37,500 per day for each violation of the CWA, pursuant to 33 U.S.C. §§ 1319(d), 1365(a);

106. That the Court order Defendant to clean up the waste discharged and stored in violation of RCRA;

107. That the Court order Defendant to pay a civil penalty in the amount of $37,500 per day for each violation of RCRA, pursuant to 42 U.S.C. §§ 6972, 6928(a), (g);

108. That the Court grant a judgment in Plaintiffs' favor:

    a. Ordering Defendant to remediate all environmental damages caused by its violations of RCRA and the CWA;

    b. Awarding Plaintiffs costs, disbursements, attorneys' fees, expert witness costs;

    c. Awarding damages to Plaintiff for the Defendant's trespass, public nuisance, and private nuisance; and

    d. Such other relief as the Court deems just and proper.

Dated: August 13, 2010
       Buffalo, New York

                        **HODGSON RUSS LLP**
                        *Attorneys for Plaintiffs*


By: s/Jeffrey C. Stravino
     Daniel A. Spitzer, Esq.
     Jeffrey C. Stravino, Esq.

140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000
*dspitzer@hodgsonruss.com*
*jstravino@hodgsonruss.com*